The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner William C. Bost. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between plaintiff and defendant-employer at the time of the injury alleged.
3. Wausau Insurance Company was the carrier on the risk. Plaintiff' average weekly wage as determined on the Form 22 is $286.47.
* * * * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff had been employed for several years by defendant-employer, a company which assembled tents and other recreational products. The plaintiff suffered respiratory problems throughout her employment with the defendant.
2. The plaintiff suffers from respiratory problems outside of the workplace. She cannot breathe when she goes into an apple orchard after it has been sprayed. She is allergic to certain medications. She has problems breathing when she walks into a building with brand new carpet.
3. The plaintiff has been a smoker for the past 20 years. She smokes anywhere between 1-2 packs of cigarettes per week, up to 1/2 to 1 cigarette per day.
4. The plaintiff was under the care of Dr. Thomas Lugas for her various respiratory problems. Dr. Lugas is unable to relate the plaintiff's respiratory problems in the late 1980's and early 1990's to her employment as he has no knowledge of the plaintiff's work history during that period of time.
5. Although the plaintiff had recurrent episodes of respiratory problems, she would often go for several months without any such problems.
6. On May 10, 1993, the plaintiff was seen by Dr. Lugas for respiratory problems which she indicated grew worse during the work week, but got better away from the workplace. Dr. Lugas diagnosed the plaintiff's condition as being chemical pneumonitis.
7. Following this diagnosis, Dr. Lugas directed the plaintiff to stay out of work for one week while he treated her.
8. By May 17th, the plaintiff's respiratory problems had cleared up. The plaintiff has not suffered from any respiratory illness since that time.
9. Employee-plaintiff's average weekly wage of $286.47 yields a compensation rate of $190.94 per week.
10. Dr. Lugas was of the opinion that he plaintiff was capable of working in any environment that did not have any chemical fumes or vapors after May 17, 1993.
11. Dr. Lugas saw no indications on the last time that he saw the plaintiff that she was suffering from any disease.
12. At some point during the summer of 1993, the plaintiff requested that Dr. Lugas refer her to Dr. David A. Brown in Asheville, North Carolina.
13. The plaintiff saw Dr. Brown in Asheville on September 14, 1993 for a variety of tests for common allergens. Dr. Brown's testing showed the plaintiff to be non-allergic to many common allergens, except for a mild reaction to dust mites.
14. Dr. Brown testified that at the time that he saw the plaintiff, she was not presenting with any respiratory problems, and was not suffering from any illness or disease.
15. Dr. Brown did not keep the plaintiff out of work, nor did he place any restrictions on the plaintiff's activities.
16. Despite having reached maximum medical improvement, the plaintiff has not returned to work for the defendant. In addition, the plaintiff has not sought any other work since May 10, 1993. The plaintiff is not looking for work, as she does not wish to jeopardize her workers' compensation benefits in this case.
17. Plaintiff's chemical pneumonitis was caused by her exposure to chemicals during her employment with defendant-employer. Said exposure placed her at an increased risk of developing chemical pneumonitis as compared to members of the public generally, and employees in general.
* * * * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The plaintiff was diagnosed as suffering from an occupational disease on May 10, 1993. Plaintiff's chemical pneumonitis was caused by her exposure to chemicals during her employment with defendant-employer. Said exposure placed her at an increased risk of developing chemical pneumonitis as compared to members of the public generally, and employees in general. Accordingly, plaintiff contracted an occupational disease. N.C.G.S. § 97-53(13).
2. The plaintiff was disabled from this occupational disease from May 10, 1993 until May 17, 1993.
3. The plaintiff's disability from her occupational disease was not greater than the waiting period set forth in N.C. G.S. § 97-28.
4. The plaintiff is not entitled to a payment of temporary total disability as her period of disability was not greater than the statutory waiting period.
5. The plaintiff is entitled to medical compensation under N.C.G.S. § 97-59.
6. The plaintiff has failed to establish that she sustained any temporary total, temporary partial, or permanent partial; disability as a result of an occupational disease, therefore plaintiff is entitled to no compensation for the same N.C.G.S. § 97-29; N.C.G.S. § 97-30; N.C.G.S. § 97-31.
* * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay medical compensation incurred as a result of plaintiff's occupational disease in amounts approved by, or in accordance with the fee schedule established by, the Industrial Commission.
2. Defendants shall pay all costs.
FOR THE FULL COMMISSION
S/ ___________________________ COY M. VANCE COMMISSIONER CONCURRING:
S/ ___________________________ THOMAS J. BOLCH COMMISSIONER
S/ ___________________________ WILLIAM L. HAIGH CHIEF DEPUTY COMMISSIONER
CMV/cnp/mj 11/16/95